

**New York**
Times Square Tower
7 Times Square
Suite 4300
New York, NY  10036
(212) 899-9960 Tel
(212) 956-1971 Fax

**Writer's Direct Dial:**
(212) 899-9975

**Writer's E-mail:**
skaufman@fisherphillips.com

April 30, 2025

**VIA ECF**
Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

    Re:    *Carla Mercedez, on behalf of herself, FLSA Collective Plaintiffs, and the Class v. Compass Group USA, Inc.*
            Case No. 1:25-cv-00942-AS

Dear Judge Subramanian:

    This office represents Compass Group USA, Inc. ("Defendant") in the above-captioned action. Defendant respectfully requests an adjournment of the May 6, 2025, initial pretrial conference with the Court.  This is Defendant's first request for an extension.  The reason for the requested extension is that on May 5, 2025, Defendant will now be filing a Motion to Compel Arbitration and Stay of the Case, and in the alternative, to Partially Dismiss the Complaint (the "Motion").  This request for an adjournment does not affect any other current deadlines as no Case Management Plan and Scheduling Order has been So Ordered by the Court.[1]

    Counsel conferred today regarding whether Plaintiff would consent to this request for an adjournment.  In that conferral, Defendant's counsel represented that the basis for its upcoming

---

[1] Defendant notes that a joint letter addressing the parties' proposed Case Management Plan and Scheduling Order is supposed to be filed in advance of the May 6, 2025, pretrial conference. Plaintiff's counsel shared a draft letter and proposed order with Defendant this morning.  As briefly discussed with opposing counsel today, Defendant does not agree with the entirety of the draft letter and proposed order.  However, given Defendant's adjournment request and the potential impact the Motion may have on this matter, Defendant respectfully requests that this deadline also be adjourned.  If the Court still wants the parties to submit a joint letter with a proposed Case Management Plan and Scheduling Order, Defendant will gladly confer with our adversary and finalize and submit a joint letter and proposed order within 24 hours.

**Fisher & Phillips LLP**
Atlanta · Baltimore · Boston · Charlotte · Chicago · Cleveland · Columbia · Columbus · Dallas · Denver · Detroit · Fort Lauderdale · Gulfport · Houston
Irvine · Kansas City · Las Vegas · Los Angeles · Louisville · McLean · Memphis · Minneapolis · Nashville · New Jersey · New Orleans · New York · Orlando
Philadelphia · Phoenix · Pittsburgh · Portland · Sacramento · San Diego · San Francisco · Seattle · Tampa · Washington, DC · Woodland Hills

April 30, 2025
Page 2

motion would be to compel arbitration based on the arbitration agreement referenced in Plaintiff's Complaint (*see, e.g.* Complaint Pars. 17-34), and, in the alternative to dismiss the spread of hours and Fair Workweek claims for failure to state a claim and/or lack of standing. Plaintiff's counsel stated that Plaintiff would not consent to the adjournment. Plaintiff's counsel's stated reason for the refusal is as follows: "Defendants' counsel did not provide any substantive basis for their motion to dismiss and to compel arbitration. While Plaintiff's counsel is aware generically of the basis for the motion, Plaintiff's counsel was not given any more detail other than the generic statement above. Without a more substantive basis, and we believe Defendants' purported basis for arbitration and to dismiss the fair workweek claims are completely baseless, we cannot in good faith agree to an adjournment as many courts have refused to delay discovery without and good cause shown."

We thank the Court in advance for its consideration of this request.

Respectfully submitted,

*s/ Seth D. Kaufman*

Seth D. Kaufman
For FISHER & PHILLIPS, LLP

DENIED but the parties should meet and confer as to the specifics of the arbitration issue. If plaintiff believes it can argue compliant with their Rule 11 obligations that it does not foreclose litigation in this Court, then the parties may raise the issue in their joint letter. The parties should submit the required pre-conference filings by **May 5, 2025**. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 13.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: May 2, 2025

FP 54719096.1